UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EMPLOYEES RETIREMENT SYSTEM OF THE CITY OF ST. LOUIS,

Plaintiff,

v.

FS/KKR ADVISOR, LLC,

Defendant.

26-CV-6003 (DEH)

ORDER

DALE E. HO, United States District Judge:

On July 15, 2026, Plaintiff Employees Retirement System of the City of St. Louis ("ERS") initiated this derivative shareholder action on behalf of FS KKR Capital Corp. ("FSK") against Defendant FS/KKR Advisor, LLC ("FS/KKR" or "Defendant"). ECF No. 1. Two weeks earlier, on June 29, 2026, Larry Jones ("Mr. Jones") had filed a separate derivative shareholder action, also on behalf of FSK and asserting the same single claim against the same defendant, in the United States District Court for the District of Maryland. *Jones v. FS/KKR Advisor, LLC*, No. 26 Civ. 2593 (D. Md.) (the "Maryland Action"); *see* ECF No. 14-1 (Maryland Action Complaint).

On August 4, 2026, Defendant requested a first extension of time to respond to the Complaint in this action, to which ERS consented. ECF No. 11. On August 28, 2026, Defendant informed the Court that it intended to file a motion to transfer the Maryland Action to this District. ECF No. 14. Defendant then requested a second extension or, "in the Court's discretion, a temporary stay of proceedings, until the resolution of" the transfer motion. *Id.* at 3. ERS opposed the request. ECF No. 15. On September 14, 2026, Defendant filed a motion to dismiss this action. ECF No. 17. The motion to dismiss is fully briefed. *See* ECF Nos. 20 & 24. On September 22, 2026, FS/KKR filed its motion to transfer the Maryland Action ("Transfer Motion"). Maryland Action, Dkt. No. 15. The transfer motion is fully briefed. *See* Maryland Action, Dkt. Nos. 19 &

22. On September 30, 2026, the Court granted Defendant's first extension motion *nunc pro tunc* but did not address its stay request. ECF No. 21.

On October 7, 2026, Mr. Jones filed a motion to intervene and to stay this action pending resolution of the Transfer Motion. ECF No. 26. ERS filed an opposition on October 21, 2026. ECF No. 37. Mr. Jones filed a reply on October 28, 2026. ECF No. 38. Now before the Court are Defendant's stay request and Mr. Jones's motion to intervene and to stay this action.

## LEGAL STANDARDS

### I. Motions to Intervene

"On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact," as long as intervention will not "unduly delay or prejudice the adjudication of the original parties' rights."[1] Fed. R. Civ. P. 24(b). Permissive intervention "is discretionary and should be construed liberally." *Granite State Ins. Co. v. KM Tactical, LLC*, No. 23 Civ. 7769, 2025 WL 1502019, at *3 (S.D.N.Y. May 27, 2025). Courts generally require that the movant "(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *R Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir. 2006).

### II. Motions to Stay

District courts have inherent power to stay proceedings in the interests of judicial economy. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In deciding whether to grant a stay, courts consider: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of

[1] In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Albert v. Blue Diamond Growers*, 232 F. Supp. 3d 509, 512 (S.D.N.Y. 2017). "These factors are to be balanced, with the principal objective being the avoidance of unfair prejudice." *Am. Steamship Owners Mut. Prot. & Indem. Ass'n, Inc. v. Lafarge N. Am., Inc.*, 474 F. Supp. 2d 474, 482 (S.D.N.Y. 2007). "The party moving for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Id.*

## DISCUSSION

The Court first addresses FS/KKR's request to stay this action pending resolution of the Transfer Motion. On balance, the factors weigh in favor of a brief stay. The first slightly favors ERS. ERS undoubtedly has an interest in expeditious resolution of this action, particularly because it seeks injunctive relief. *See Morgan Art Found. Ltd. v. McKenzie*, No. 18 Civ. 4438, 2019 WL 2725625, at *2 (S.D.N.Y. July 1, 2019). However, the prejudice against ERS is limited because the proposed stay is time-bound, the action is at an early stage, and discovery has not commenced. *See Lanaia v. Trans Union LLC*, No. 26 Civ. 1903, 2026 WL 1905990, at *4 (E.D.N.Y. July 2, 2026).

The remaining factors all favor a stay. As to the interests of Defendant and non-parties, both FS/KKR and Mr. Jones have requested a stay. And FSK—the real party in interest—also likely has an interest in avoiding the risk of "inconsistent rulings" that could result if the two cases were to proceed in parallel. *7thonline, Inc. v. Colony Brands, Inc.*, No. 25 Civ. 2418, 2025 WL 2172514, at *4 (S.D.N.Y. July 31, 2025). As for the judicial interest, judicial economy generally cautions against allowing two substantially similar cases to diverge—and that is particularly so here, as "[n]o type of case is more appropriate for 'economy' than derivative suits by stockholders." *Schiff v. Metzner*, 331 F.2d 963, 965 (2d Cir. 1964). If the Maryland action is

transferred to this Court, judicial economy would be best served if these two substantially similar cases were to proceed together. And if the Maryland action is not transferred, this Court will have to decide whether *this* action should be transferred to the District of Maryland or if the two cases should proceed in parallel. The "first-filed rule," which provides that "[w]here there are two competing lawsuits" with similar parties and claims, "the first suit should have priority," also counsels in favor of staying this action—the second-filed one—while the District of Maryland decides how to proceed with the first. *First City Nat. Bank and Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989). Finally, conserving judicial resources also benefits the public interest. *See Albert*, 232 F. Supp. 3d at 513.

As to the motion to intervene, Mr. Jones seeks leave to intervene solely to seek a stay. *See* ECF No. 27 at 1. Because the Court grants Defendant's stay request, the request to intervene is now moot.

## CONCLUSION

For the foregoing reasons, the Court **STAYS** this action until **seven (7) days after** the Transfer Motion is decided. The parties are **ORDERED** to file a joint status letter advising the Court about proposed next steps in this action within **five (5) days after** the Transfer Motion is decided.

Mr. Jones' motion to intervene is **DENIED WITHOUT PREJUDICE** as moot.

The Clerk of Court is respectfully directed to **STAY** this case and to close ECF No. 26.

SO ORDERED.

Dated: November 13, 2026
New York, New York

DALE E. HO
United States District Judge